Bigger, J.
The defendant demurs to the petition. The question is as to the right of the board of public service, after having accepted the bid for a public improvement and before notice to the bidder that his bid has been accepted, to rescind its action and reject all bids, as the statute provides the board may do in the first instance. The question here presented has been fully and ably argued by counsel on both sides.
It is the established legal principle relating to actions of mandamus that the party seeking relief must show a clear legal right to the relief prayed for. That a writ will issue to compel the award of a public contract at the suit of a bidder who is clearly entitled to have the contract awarded to him, has been settled by judicial decisions in this state.
After a somewhat careful examination of the question here presented I am of opinion the averments of the petition fail to show a clear legal right in the relator to this relief under the facts stated. I found this conclusion upon this consideration'— that under the statute, Section 1536-670, the directors of a board of public service are required to enter into contracts in writing. *447 In my opinion the city can not be bound by a contract entered into under favor of the provisions of this section of the statutes unless it be made in writing; certainly not it seems to me in the absence of any action on the part of the city which would equitably estop it to dispute the contract. Note further that although the directors are themselves directed to enter into a contract with the lowest and best bidder, they are also by this section empowered, to reject any and all bids in their discretion, and furthermore are expressly required to reject them all in case there is reason to believe there is collusion or combination among the bidders.
’The question in this ease for decision is not presented in any previous ease decided in this state. It seems to be a well established principle of law that a corporate body has the right to reconsider and rescind action taken by them so long as such reconsideration and rescission does not disturb vested rights. The question therefore presented in this case is: Did the relator by virtue of the vote to award the contract to it acquire vested rights- thereby which it was beyond the power of the municipal authorities to divest by their subsequent action rescinding the award? In my opinion where the law requires the contract to be made in writing, the parties being chargeable with the knowledge of the legal requirements, can not be said to have contracted so as to confer vested rights until the contract is made and entered into as required by law. The party who proposes to enter into a contract with the city can only legally contract in writing, and therefore he will not acquire any legal right against the city until such contract is entered into. As I have said this precise question does not seem to have been presented-for. decision in any case decided in this state.
The authorities cited by the city solicitor are in point upon this proposition and seem to me to state the law correctly upon that question. The facts in the case of Edge Moar Bridge Works v. Bristol, 170 Mass., is closely analagous to this case — it'being brought to compel the execution of a contract and the court held that as the law provided for a contract in writing, that the acceptance of the bid and even the notice to the bidder as in that case, did not entitle him to an action to compel the public *448 officials to enter into the contract in writing as required by law. The court in that case calls attention to the fact that while the bidder was compelled to stand by his proposal under a penalty as in this case, that fact did not render the county liable; the county could only be rendered legally liable by entering into a contract as required by law. Now in this ease it was made the imperative duty of the directors, if they had reason to believe or suspect collusion among the bidders, to reject the bids, and in my opinion it was the duty of the directors to take that action at any time prior to entering into a legal, binding contract in writing after which of course the city could only escape from its obligation by appropriate legal proceedings.
G. J. Marriott, for plaintiff.
City Solicitors-, for defendant.
Another very strong case upon this question is the ease of Water Commissioners of Jersey City v. Brown, 32 N. J. Law, 504. That was an action at law and it was sought in that ease to recover damages, and the plaintiff’s claim was that he was entitled to damages by reason of the refusal of the city to enter into a contract with him after having’ accepted his bid. That raised therefore the very question at issue here, to-wit: Did the mere acceptance of the bid give a right of action to the relator against the city, or, in other words, did that act of the city vest any right in the relator ? In the opinion it is said:
‘ ‘ It was argued by the plaintiff that the action was brought not for refusing to carry into effect a written agreement, but for refusing to enter into a written agreement as they had agreed to do.
“But this argument only begs the question in dispute. If no contract was mutually agreed upon as to be binding upon both parties, as seems to me to be too clear to admit of any doubt, neither party was bound to execute the written agreement. Until both parties had assented to its provisions there was only the negotiation for a bargain which was never completed and which neither party was bound to complete.”
These decisions are of high standing, and seem to me to state the law correctly. I am of opinion therefore that upon the averments of the petition the relator does not show a clear legal right to this relief, and the demurrer must be sustained.